Lin v. Yates

BIA
A076 505 806

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of January, two thousand seventeen.

PRESENT:
> JOSÉ A. CABRANES,
> DEBRA ANN LIVINGSTON,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

QIN DI LIN,
> *Petitioner,*

> v.

SALLY Q. YATES, UNITED STATES
ACTING ATTORNEY GENERAL,
> *Respondent.*[1]

_____

15-2116
NAC

FOR PETITIONER:               Robert J. Adinolfi, New York, N.Y.

FOR RESPONDENT:               Benjamin C. Mizer, Principal Deputy
                              Assistant Attorney General; Kiley
                              Kane, Senior Litigation Counsel;
                              Annette M. Wietecha, Attorney,

---

1 Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Sally Q. Yates is automatically substituted for former Attorney General Loretta E. Lynch as Respondent.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Qin Di Lin, a native and citizen of the People's Republic of China, seeks review of a June 15, 2015, decision of the BIA denying his untimely motion to reopen. *In re Qin Di Lin*, No. A076 505 806 (B.I.A. June 15, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

"We review the denial of motions to reopen immigration proceedings for abuse of discretion." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). When the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

It is undisputed that Lin's 2014 motion to reopen was untimely because his order of removal was final in 2003. 8 U.S.C. § 1229a(c)(7)(C)(i) (setting 90-day period for filing

motion to reopen); 8 C.F.R. § 1003.2(c)(2) (same); *see* 8 U.S.C. § 1101(a)(47)(B)(i) (defining finality). This time limitation may be excused if the motion requests reopening to apply for asylum and "is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii). Here, the BIA reasonably concluded that Lin failed to establish a material change in conditions for Christians in China.

"In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below." *In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007). The BIA's conclusion that conditions had not changed is supported by substantial evidence. *See Jian Hui Shao*, 546 F.3d at 169. As the BIA found, the reports from 2002 and 2013 reflected that the government continued to target Christian groups that practiced in underground or house churches. For example, the 2002 State Department International Religious Freedom Report, stated that

3

the Chinese government "continued its crackdown on unregistered churches." The evidence Lin submitted in support of reopening, including the 2013 Annual Report of the Congressional-Executive Commission on China and the State Department's 2013 Annual Report of International Religious Freedom, reflect that these practices have continued.

Lin's assertions that the BIA "cherry picked" excerpts from the evidence and wholly discounted the 2013 ChinaAid report are misplaced. "[W]e presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise," and the weight accorded to country conditions evidence "lies largely within the discretion" of the agency. *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 336 n.17 & 342 (2d Cir. 2006) (alteration and internal quotation marks omitted). The BIA explicitly discussed much of the country conditions evidence, and, thus, the record does not compellingly suggest that it ignored any evidence. The BIA was not required to parse the ChinaAid report: if, as here, "the BIA 'has given reasoned consideration . . . and made adequate findings,'" it need not "'expressly parse or refute on the record' each . . . piece of evidence offered by the petitioner." *Wei Guang Wang v. BIA*,

4

437 F.3d 270, 275 (2d Cir. 2006) (quoting *Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 160 n.13 (2d Cir. 2006)). Lin himself cherry picked one page of the ChinaAid report which stated that in "[i]n 2013, government persecution of Christians and churches in China worsened significantly," but ignored the fact that the report identified no incidents of persecution in his home province of Fujian. *See Jian Hui Shao*, 546 F.3d at 171 (explaining that agency has discretion "to resolve conflicts in record evidence" and concluding that BIA identified substantial evidence where it "did not overlook any record evidence favorable to the petitioner").

Given the evidence of a continuation of conditions, the BIA reasonably concluded that Lin did not establish a material change in the conditions for Christians in China. Accordingly, the BIA did not abuse its discretion in denying Lin's motion to reopen as untimely. *See* 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(2).

Because the BIA's timeliness ruling is dispositive, we decline to reach the issue of whether Lin has established prima facie eligibility for relief. *INS v. Abudu*, 485 U.S. 94, 104-05 (1988) (observing that the agency may deny an untimely motion to reopen for failure to demonstrate materially changed country

conditions *or* prima facie eligibility for the underlying substantive relief sought); *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk